IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARL WILLIAM COLEMAN, et al., | No. 2:11-CV-3189-JAM-CMK |
| Plaintiffs, | |
| vs. | FINDINGS AND RECOMMENDATIONS |
| COUNTY OF BUTTE, et al., | |
| Defendants. | |
| _____ / | |

      Plaintiffs, who are proceeding pro se, bring this civil rights action. The second amended complaint names the following defendants: County of Butte; Steven J. Howell; Michael Candela; Clare Keithley; Michael Ramsey; Jeff Greeson; Ron Belser; Jacob Hancock; John Angle; David Kennedy; Heather Murphy; Pamela Richards; Dennis Hoptowit; Jesus Rodriguez, and Leo Battle. Howell, Candela, and Keithley are Butte County Superior Court judges. Ramsey and Greeson are prosecutors with the Butte County District Attorney's Office. Belser, Hancock, and Angle are law enforcement officers. Kennedy, Murphy, and Richards are county social workers. Hoptowit, Rodriguez, and Battle are county public defenders. Pending before

/ / /

/ / /

the court are the following motions:

1. Motion to dismiss filed by defendant Battle (Doc. 42).
2. Motion to dismiss filed by defendant Hoptowit (Doc. 43).
3. Motion to dismiss filed by defendant Rodriguez (Doc. 44).
4. Motion to dismiss filed by defendants Howell, Candela, and Keithley (Doc. 45).
5. Motion to dismiss filed by defendants County of Butte, Angle, Greeson, Hancock, Kennedy, Murphy, Ramsey, and Richards (Doc. 46).
6. Motion to dismiss filed by defendant Belser (Doc. 48).

The parties appeared for a hearing on September 13, 2012. Gregory Einhorn, Esq., Kevin Reager, Esq., Tahj Gomez, Esq., and Douglas Thorn, Esq., appeared for defendants. Plaintiffs appeared pro se. After hearing arguments, the matters were submitted.

## I. PLAINTIFFS' ALLEGATIONS

Very generally, plaintiffs allege that defendants conspired "to conduct an illegal search and seizure on the Coleman residence. . . ." According to plaintiffs, defendant Hancock misinformed the judge regarding a confidential informant's credibility in order to obtain a search warrant. Plaintiffs state that, on February 13, 2009, police officers conducted a "raid" on their home pursuant to the search warrant and that, on February 16, 2009, separate criminal complaints were filed against the Colemans alleging felony violations of the California Health and Safety Code in relation to marijuana plants seized from the Coleman residence. Specifically, officers seized $47,000 in cash, 60 pounds of unprocessed marijuana, and five pounds of processed marijuana. Plaintiff allege that they "in fact have a legitimate medicinal marijuana co-operative, with a substantial amount of medicinal patients." They also claim that it is the custom, policy, or practice of Butte County law enforcement officials to keep seized marijuana for themselves for re-distribution rather than destroying it as required by law.

1    Plaintiffs state that they hired defendant Hoptowit, who they say was also a public
2 defender at the time, but that Hoptowit conspired to deprive them due process with respect to the
3 seized cash. According to plaintiffs, the initial complaints against the Colemans were voluntarily
4 dismissed by the district attorney and, on October 20, 2010, the charges were re-filed, again in
5 separate complaints, this time with an additional charge that Carl Coleman transported marijuana
6 across state lines. Ultimately, the re-filed complaint against Carl Coleman was dismissed for
7 failure to hold a preliminary hearing within 60 days. A third criminal complaint was filed against
8 Carl Coleman, but was dismissed on defendant's demurrer. According to plaintiffs, the court
9 dismissed the third complaint "to prevent improper successive attempts to prosecute."
10    As to the re-filed complaint against Joelle Coleman, plaintiffs state that defendant
11 Howell, the judge presiding over the initial arraignment, failed to adequate advise her of her
12 speedy trial rights, which she waived "out of fear of reprisals for 'not going along.'" Ultimately,
13 the charges against Joelle Coleman were dismissed.
14    Next, plaintiffs discuss the October 8, 2008, arrest of Lisa M. Coleman, Carl
15 Coleman's daughter, on charges of child endangerment and subsequent hearing held on May 27,
16 2010, to determine whether Lisa Coleman's two minor children should be placed in foster care.
17 In placing the children in foster care, the Colemans allege that they were wrongfully denied
18 custody.

## II. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen,

395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Rule 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials

of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

### III.  DISCUSSION

In their motions to dismiss, defendants Battle, Hoptowit, and Rodriguez argue that the complaint fails to state a claim upon which relief can be granted because the complaint ". . .contains only legal conclusions and vague and unsupported assertions of constitutional violations rather than the essential elements of, and factual support for, any cognizable legal theory. . . ." They also argue that plaintiffs have alleged facts which establish that they were not acting under state law and, therefore, plaintiffs cannot state a § 1983 claim against them.

In their motion to dismiss, defendants Howell, Candela, and Keithley argue that they enjoy absolute judicial immunity from suit.

In their motion to dismiss, defendants County of Butte, Ramsey, Greeson, Hancock, Angle, Kennedy, Murphy, and Richards argue that the complaint fails to state any claims against them. They also argue that plaintiff should be required to amend with more definite statements as to plaintiff's claims against them.

In his motion to dismiss, defendant Belser argues that plaintiff's claims against him are time-barred and, in any event, plaintiffs cannot state a claim against him because they admit in the complaint that the search warrant was valid because it was issued by a judge.

/ / /

/ / /

/ / /

/ / /

## A. Defendants Howell, Candela, and Keithley

Defendants Howell, Candela, and Keithley argue that they are immune from suit. Judges are absolutely immune from damage actions for judicial acts taken within the jurisdiction of their courts. See Schucker v. Rockwood, 846 F.2d 1202, 1204 (9th Cir. 1988) (per curiam). This immunity is lost only when the judge acts in the clear absence of all jurisdiction or performs an act that is not judicial in nature. See id. Judges retain their immunity even when they are accused of acting maliciously or corruptly, see Mireles v. Waco, 502 U.S. 9, 11 (1991) (per curiam); Stump v. Sparkman, 435 U.S. 349, 356-57 (1978), and when they are accused of acting in error, see Meek v. County of Riverside, 183 F.3d 962, 965 (9th Cir. 1999). This immunity extends to the actions of court personnel when they act as "an integral part of the judicial process." See Mullis v. U.S. Bankruptcy Court, 828 F.2d 1385, 1390 (9th Cir. 1987).

In this case, all of the allegations against the state court judge defendants relate to the judges' actions taken within their jurisdiction. In particular, plaintiffs allege that, in the context of their official judicial functions, the state court judge defendants conspired and/or acted corruptly. As indicated above, such allegations do not pierce judicial immunity. While plaintiffs argue in their opposition that the state court judges acted outside their jurisdiction, they do not point to any such specific conduct. Plaintiffs seem to conclude that anything a judge does that they think is wrong constitutes an act outside the judge's jurisdiction to act. Moreover, there are no facts alleged to suggest that the state court judges are being challenged over anything they did that was not judicial in nature. Judicial immunity is only lost when the judge is alleged to have acted outside of his jurisdiction to do something non-judicial in nature. Plaintiffs' complaint fails on both counts. The state court judge defendants should be dismissed with prejudice.

///
///
///
///

      **B.**    **Defendants Battle, Hoptowit, and Rodriguez**

Defendants Battle, Hoptowit, and Rodriguez argue that the complaint cannot state a cognizable § 1983 claim against any of them because plaintiffs affirmatively allege facts which establish that they were not acting under color of state law, either because they were public defenders (Battle and Rodriguez) or private counsel retained to defend plaintiffs (Hoptowit). It is well-settled law that public defenders acting in their role as advocate are not considered to be acting under color of state law for purposes of liability under § 1983. See Georgia v. McCollum, 505 U.S. 42, 53 (1992). Private parties are also, generally, not considered to be acting under color of state law. See Price v. Hawai'i, 939 F.2d 702, 707-08 (9th Cir. 1991); see also Simmons v. Sacramento County Superior Court, 3128 F.3d 1156, 1161 (9th Cir. 2003) (holding that an attorney in private practice does not act under color of state law). As an exception to this rule, private parties act under color of state law when they conspire with state actors. See Tower v. Glover, 467 U.S. 914, 920 (1984).

In this case, plaintiffs argue that defendants Rodriguez and Battle failed to adequately protect their rights during the course of their representation. Any misconduct, if it occurred, was thus necessarily done in the context of these defendants' roles as advocates for the Colemans, as opposed to any administrative or investigative functions they may have had. For this reason, defendants Battle and Rodriguez were not acting under color of state law.

As to defendant Hoptowit, who is alleged to be a private attorney retained to defend the Colemans, plaintiffs claim that he conspired with other state actors to deprive them of their constitutional rights. Specifically, plaintiffs allege that Hoptowit failed to exercise his duty to protect their interest in the seized cash. According to plaintiffs, defendant Hoptowit acted not out of his professional duty to them but rather "to win favor from the Drug Enforcement Agency" and other agencies. Plaintiffs' allegations of conspiracy, however, are conclusory and fail to set forth any specific facts which would show a meeting of the minds between Hoptowit and any state actor. Plaintiffs should be provided leave to amend to allege how Hoptowit "conspired with

1 | public officials to deny their right to Due Process. . . ."

### C. **Defendant Belser**

Defendant Belser argues that he cannot be liable with respect to obtaining or executing the search warrant because it was approved by an independent magistrate. Defendant is correct. When a search warrant, even one that ultimately is determined to be invalid, is approved by an independent judge, the officer executing that warrant is entitled to qualified immunity based on his reasonable belief that the warrant as approved was valid. See United States v. Leon, 468 U.S. 897 (1984); Barlow v. Ground, 943 F.2d 1132 (9th Cir. 1991); Ortiz v. Van Auken, 887 F.2d 1366, 1370 (9th Cir. 1989).

Plaintiffs appear to contend in the complaint that defendant Belser's belief in the validity of the warrant could not have been reasonable because he conspired with others to obtain a warrant he knew to be invalid. Specifically, they speculate that the probable cause affidavit was based in part on information provided by a confidential informant by the name of Jack Allen Lewis who had motivation to lie. Speculation, however, is insufficient to state a claim. Moreover, the issue of reliance on the confidential informant was litigated in state court.

### D. **Defendants County of Butte, Ramsey, Greeson, Hancock, Angle, Kennedy, Murphy, and Richards**

These defendants argue, in essence, that the complaint fails to state claims against them and that plaintiffs should amend with more definite statements. In opposition, as defendants note, plaintiffs do not indicate how the operative complaint states claims. Rather, they essentially repeat the factual allegations of the complaint. Plaintiffs should be provided leave to amend to provide short plain statements as to the bases of liability of these defendants.

With respect to defendant County of Butte, municipalities and other local government units are among those "persons" to whom § 1983 liability applies. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are also "persons" for purposes of § 1983. See id. at 691; see also Thompson v. City of Los Angeles,

885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held responsible for the acts of its employees or officials under a respondeat superior theory of liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal liability must rest on the actions of the municipality, and not of the actions of its employees or officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the constitutional deprivation complained of resulted from a policy or custom of the municipality.  See id.  A claim of municipal liability under § 1983 is sufficient to withstand dismissal even if it is based on nothing more than bare allegations that an individual defendant's conduct conformed to official policy, custom, or practice.  See Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 624 (9th Cir. 1988).

### IV.  RECOMMENDATION

Based on the foregoing, the undersigned recommends that:

1. Defendants' motions to dismiss (Docs. 42, 43, 44, 45, 46, and 48) be granted;
2. Defendants Howell, Candela, and Keithley be dismissed with prejudice;
3. Defendants Battle and Rodriguez be dismissed with prejudice;
4. Defendant Belser be dismissed with prejudice;
5. Leave to amend be granted as to plaintiffs' claims that defendant Hoptowit conspired with state actors; and
6. Leave to amend granted as to plaintiffs' claims against defendants County of Butte, Ramsey, Greeson, Hancock, Angle, Kennedy, Murphy, and Richards.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the court.  Responses to objections shall be filed within 14 days after service of

objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: October 9, 2012

*/s/ Craig M. Kellison*
**CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE