1

2

3

4

5

6

7

8          **IN THE UNITED STATES DISTRICT COURT**

9          **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11   CARL WILLIAM COLEMAN, et al.,          No. 2:11-CV-3189-JAM-CMK PS

12               Plaintiffs,

13          vs.                              <u>ORDER</u>

14   COUNTY OF BUTTE, et al.,

15               Defendants.

16   _____/

17          Plaintiffs, who are proceeding pro se, bring this civil rights action.  The matter

18   was referred to a United States Magistrate Judge pursuant to Eastern District of California local

19   rules.

20          On October 9, 2012, the Magistrate Judge filed findings and recommendations

21   herein which were served on the parties and which contained notice that the parties may file

22   objections within a specified time.  Timely objections to the findings and recommendations have

23   been filed.

24          In accordance with the provisions of 28 U.S.C. § 636(b)(1)(C) and Local Rule

25   304(f), this court has conducted a <u>de novo</u> review of this case.  Having carefully reviewed the

26   entire file, the court finds the majority of the findings and recommendations to be supported by

                                           1

1    the record and by proper analysis.  However, the court rejects some of the findings and

2    recommendations, as detailed below.

3              The Magistrate Judge recommends dismissal with prejudice of plaintiffs' claim

4    against defendant Belser regarding his participation in improperly securing a warrant.  However,

5    the Magistrate Judge fails to address why dismissal of the claim involving the warrant should be

6    with prejudice.  Since there is no justification for finding that allowing amendment would be

7    futile, the court rejects the findings and recommendations as to defendant Belser and finds,

8    instead, that both of plaintiffs' claims against him should be dismissed, without prejudice.

9              The Magistrate Judge recommends dismissal without prejudice of plaintiffs' claim

10   against defendant County of Butte.  However, in describing the legal standard for asserting a

11   claim for municipal liability, a case that has been called into question by the Ninth Circuit was

12   cited – Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621 (9th Cir. 1988).  See Mateos-

13   Sandoval v. County of Sonoma, – F Supp 2d. –, 2013 WL 415600 at *4 (N.D. Cal. 2013) (citing

14   A.E. ex rel. Hernandez v. County of Tulare, 666 F.3d 631 (9th Cir. 2012)).  The Ninth Circuit

15   recently held that it is no longer clear that "nothing more than a bare allegation that the individual

16   officers' conduct conformed to official policy, custom, or practice," is enough to state a viable

17   claim against a municipality.  Ibid.; Starr v. Baca, 652 F.3d 1202 (9th Cir. 2011)

18             Accordingly, the legal standard should be that: "municipalities and other local

19   government units are among those "persons" to whom § 1983 liability applies.  See Monell v.

20   Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). Counties and municipal government officials are

21   also "persons" for purposes of § 1983.  See id. at 691; see also Thompson v. City of Los Angeles,

22   885 F.2d 1439, 1443 (9th Cir. 1989).  A local government unit, however, may not be held

23   responsible for the acts of its employees or officials under a respondeat superior theory of

24   liability.  See Bd. of County Comm'rs v. Brown, 520 U.S. 397, 403 (1997).  Thus, municipal

25   liability must rest on the actions of the municipality, and not of the actions of its employees or

26   officers.  See id.  To assert municipal liability, therefore, the plaintiff must allege that the

constitutional deprivation complained of resulted from a policy or custom of the municipality. See id. In light of the Supreme Court's ruling in Iqbal, the plaintiffs' complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." Starr, 652 F.3d at 1216. Plaintiffs should include specific facts regarding "the content of the policies, customs, or practices the execution of which gave rise to [their] constitutional injuries." Mateos-Sandoval, 2013 WL 415600 at *5 (citing Monell, 436 U.S. at 694).

Accordingly, IT IS HEREBY ORDERED that:

1. The findings and recommendations filed October 9, 2012, are adopted in part:

    a.    Defendants' motions to dismiss (Docs. 42, 43, 44, 45, 46, and 48) are granted;

    b.    Defendants Battle, Rodriguez, Howell, Candela, Keithley, are dismissed with prejudice;

    c.    Leave to amend is granted as to plaintiffs' claims that defendant Hoptowit conspired with state actors;

    d.    Leave to amend is granted as to plaintiffs' claims against defendants County of Butte, Ramsey, Greeson, Hancock, Angle, Kennedy, Murphy, and Richards; and

2. The findings and recommendations filed October 9, 2012, are rejected as to the following defendant and standard set forth for plaintiffs' claim against County of Butte; the Court finds, instead:

    a.    Leave to amend is granted as to plaintiffs' claims against defendant

1   Belser;

2           b.   Plaintiffs shall refer to the standard set forth above regarding their

3   claims against the County of Butte; and

4        3.   Plaintiffs shall file an amended complaint consistent with this Order

5   within 30 days of the date of this order.

6   DATED:   May 2, 2013

7   /s/ John A. Mendez
    UNITED STATES DISTRICT COURT JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26