1

2

3

4

5

6

7

8       **IN THE UNITED STATES DISTRICT COURT**

9       **FOR THE EASTERN DISTRICT OF CALIFORNIA**

10

11    CARL WILLIAM COLEMAN, et al.,          No. 2:11-CV-3189-JAM-CMK

12                   Plaintiffs,

13         vs.                                                   FINDINGS AND RECOMMENDATIONS

14    COUNTY OF BUTTE, et al.,

15                   Defendants.

16    _____/

17                   Plaintiffs, who are proceeding pro se, bring this civil rights action.  Pending

18    before the court is defendants' unopposed motion to dismiss (Doc. 67) for lack of prosecution.

19                   On May 3, 2013, the District Judge in this case issued an order directing plaintiffs

20    to file an amended complaint within 30 days.  To date, more than 30 days have elapsed and

21    plaintiffs have failed to comply.  The court must weigh five factors before imposing the harsh

22    sanction of dismissal.  See Bautista v. Los Angeles County, 216 F.3d 837, 841 (9th Cir. 2000);

23    Malone v. U.S. Postal Service, 833 F.2d 128, 130 (9th Cir. 1987).  Those factors are:  (1) the

24    public's interest in expeditious resolution of litigation; (2) the court's need to manage its own

25    docket; (3) the risk of prejudice to opposing parties; (4) the public policy favoring disposition of

26    cases on their merits; and (5) the availability of less drastic sanctions.  See id.; see also Ghazali v.

1   Moran, 46 F.3d 52, 53 (9th Cir. 1995) (per curiam).  A warning that the action may be dismissed

2   as an appropriate sanction is considered a less drastic alternative sufficient to satisfy the last

3   factor.  See Malone, 833 F.2d at 132-33 & n.1.  The sanction of dismissal for lack of prosecution

4   is appropriate where there has been unreasonable delay.  See Henderson v. Duncan, 779 F.2d

5   1421, 1423 (9th Cir. 1986).  Dismissal has also been held to be an appropriate sanction for failure

6   to comply with an order to file an amended complaint.  See Ferdik v. Bonzelet, 963 F.2d 1258,

7   1260-61 (9th Cir. 1992).

8           Here, given plaintiff's failure to file an amended complaint, there is no operative

9   pleading in the case upon which any further proceedings can be had.  Plaintiffs' failure to file an

10  operative pleading thwarts the public's interest in expeditious resolution of this case and the

11  court's need to manage its own docket.  It also prejudices defendants in that they are required to

12  maintain counsel and sustain the threat of ongoing litigation and yet they have no control over

13  furthering the litigation.  Additionally, plaintiffs' failure to file an amended complaint as directed

14  makes it impossible to resolve the case on the merits.  Finally, the court finds that no less drastic

15  sanction is available.

16  / / /

17  / / /

18  / / /

19  / / /

20  / / /

21  / / /

22  / / /

23  / / /

24  / / /

25  / / /

26  / / /

1        Based on the foregoing, the undersigned recommends that:

2        1.     Defendants' unopposed motion to dismiss (Doc. 67) be granted; and

3        2.     This action be dismissed, without prejudice, for lack of prosecution and

4 failure to comply with court rules and orders.

5        These findings and recommendations are submitted to the United States District

6 Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days

7 after being served with these findings and recommendations, any party may file written

8 objections with the court.  Responses to objections shall be filed within 14 days after service of

9 objections.  Failure to file objections within the specified time may waive the right to appeal.

10 See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

12 DATED:  February 4, 2014

13                 _____

14                 **CRAIG M. KELLISON**
UNITED STATES MAGISTRATE JUDGE